UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 3:05CR318 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| JOSE GUIDINO | ) | |
| | ) | |

Defendant JOSE GUIDINO moves the Court pursuant to Fed. R. Crim. Proc. 36 to correct a clerical error or error in the record arising from oversight or omission of the Court at Defendant's Sentencing, regarding credit for time-served on a related state charge. In support of this motion, Defendant asserts that U.S.S.G. § 5G1.3(b)(1) and Application Notes 2(C & D) & 3(E) show that the Court may grant credit for time-served. The Government, however, asserts that U.S.S.G. § 5G1.3(b)(1) and Application Notes 2(C & D) & 3(E) only applies to "undischarged" time.

The Court disagrees with the Government's legal conclusion. While the Court agrees that the context of U.S.S.G. § 5G1.3(b)(1) is "undischarged" time, it appears from the plain language of Application Note 2(C) and 2(D) that the Court may also consider time-served (*e.g.*, "The court determines that a sentence of 13 months provides the appropriate total punishment. Because the defendant has already served six months on the related state charge as of the date of sentencing on the instant federal offense, a sentence of seven months, imposed to run concurrently with the three months remaining on the defendant's state sentence, achieves this result." *Id*. at 2(D)).

While the Government is correct that the Attorney General through the Bureau of Prisons determines when a sentence commences,[1] the Court still may award time-served credit. Merely, the

---

[1] *United States v Wilson*, 503 U.S. 329 (1992).

Attorney General through the Bureau of Prisons determines what the appropriate amount of time to be credited to the federal sentence. The High Court in *Wilson* explained:

> After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence . . . To fulfill this duty, the BOP must know how much of the sentence the offender has left to serve. Because the offender has a right to certain jail-time credit under [Title 18 U.S.C.] § 3585(b), and *because the district court cannot determine the amount of the credit at sentencing*, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant.

503 U.S. 329, ___, 112 S.Ct. 1351, 1355 (italics added).[2]

The Court has reviewed the Transcript of Defendant's Sentencing Hearing to refresh the Court's recollection. It was the intent of the Court at the Sentencing Hearing for the Defendant to receive credit for time-served in state custody, although the Court was not clear in explicitly stating such. Nonetheless, the Court knew then as it knows now that the Attorney General through the Bureau of Prisons is responsible for making the specific, administrative determination as to what is the appropriate amount of time to credit to the Defendant's sentence .

Therefore, the Defendant's Motion to Correct Sentence is GRANTED in PART, that is, it was the Court's intent at Sentencing that the Defendant be credited for the time he spent in state

---

[2] Although the Court does not need to reach this result today and therefore does not reach this result, arguably it is *mandatory* under 18 U.S.C. § 3585(b) that a defendant must be given credit for time-served on related dismissed charges:

> A defendant *shall* be give credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences --
> * * *
> as a result of *any other charge for which the defendant was arrested* after the commission of the offense *for which the sentence was imposed* ;
>
> that has not been credited against another sentence.

*Id*. (italics added).

custody for the related dismissed state charge, and the Court did commit an erroneous oversight by not articulating specifically such (the Court's error probably arises from the Court's misunderstanding that the time differential was four days when it may have been four and one half months). Whatever the amount of time to be credited to the sentence is, such time is hereby ORDERED credited to Defendant's sentence; and,.

And THEREFORE, as to the Defendant's prayer for relief in his Motion to Correct Sentence that the Court either AMEND the Sentence *nunc pro tunc* to time served as of the date of sentencing, or AMEND the Sentence to time-served as of the date of this Court's amended judgment, such prayer for relief is hereby DENIED.

Rather, the Attorney General, through the appropriate agency (whether it is the United States Attorney, the United States Marshal, or the Bureau of the Prisons) is hereby ORDERED expeditiously to determine the creditable amount of time-served in state custody so that the Defendant serves the Sentence imposed by the Court on July 17, 2006. The Attorney General must act expeditiously to insure that the Defendant does not serve a sentence longer than that imposed by the Court.

IT IS SO ORDERED.

Signed: August 30, 2006

Frank D. Whitney
United States District Judge